# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**TONY LUCIBELLO and ACCESS NOW, INC.,**

                **Plaintiffs,**

**-vs-**                                                     **Case No.  2:04-cv-63-FtM-DNF**

**FTA, INC., a Florida corporation,**

                **Defendant.**
_____/

## ORDER

This cause came on for consideration on the following motion(s) filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO ENFORCE STIPULATION FOR SETTLEMENT (Doc. No. 30)** |
| **FILED:** | **May 4, 2005** |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

Plaintiffs are requesting that the Court enforce the Stipulation for Settlement entered into by the parties in April 2005.  The Court did not incorporate the settlement into its Order of dismissal (Doc. 29) entered on April 12, 2005, and did not retain jurisdiction over the settlement.   Plaintiffs have failed to provide a memorandum of law which shows that the Court has jurisdiction over an agreement that was entered into by the parties. *See, Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, ftn. 7, ("And federal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are

incorporated into the order of dismissal"), *See Also*, *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003) (Federal courts may have jurisdiction to enforce a settlement if the court has embodied the agreement into an order of dismissal or retained jurisdiction over it.) Therefore, the Motion to Enforce Stipulation for Settlement (Doc. 30) is due to be denied.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this 23rd day of June, 2005.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
All Parties of Record